Filed 4/29/15  Chong v. Navarro CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| HECTOR CHONG, | D065732 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. ECU07292) |
| SAMUEL NAVARRO et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of Imperial County, Jeffrey B. Jones, Judge.  Appeal dismissed.

Law Offices of Francisco Javier Aldana and Francisco J. Aldana for Plaintiff and Appellant.

Wilson Elser Moskowitz Eldelman & Dicker, Peter M. Hughes and Patrick W. Berry for Defendants and Respondents.


Hector Chong appeals from an order dismissing his case after the trial court granted Samuel Navarro's and Mainas Farms, Inc.'s (together, Respondents) motion for

terminating sanctions against Chong for discovery abuses. We dismiss the appeal as untimely.

BACKGROUND

Chong filed a complaint against Respondents for personal injuries sustained after a motor vehicle accident. During the course of discovery, Chong failed to respond to Respondents' discovery requests. The trial court ordered Chong to provide full and complete responses without objections. Chong failed to comply with the court's order in that he provided late responses, refused to answer numerous interrogatories, and included objections. When Chong failed to timely cure the deficiencies, Respondents moved for terminating sanctions, which were granted.

On August 16, 2013, Chong moved to reconsider and set aside the court's order granting terminating sanctions. Chong's motion included a request for relief under Code of Civil Procedure section 473 based on his attorney's mistake, inadvertence, surprise or neglect. The trial court ruled it could not proceed on the reconsideration motion because at that point, there was no written terminating sanctions order.

On October 3, 2013, the trial court served its order granting motion for terminating sanctions on the parties. On October 9, 2013, Respondents served a notice of ruling on their motion for terminating sanctions.

On October 21, 2013, Chong filed a second application for reconsideration and to set aside the order granting Respondent's motion for terminating sanctions. In February 2014, after multiple continuances, the trial court declined to hear Chong's application for reconsideration based on a determination that it was untimely. The trial court also denied

2

Chong's request to set aside the order dismissing his complaint under Code of Civil Procedure section 473.

On April 1, 2014, Chong filed his notice of appeal. The notice of appeal indicates Chong is appealing from a judgment after an order granting a summary judgment motion and from an "Order Denying Motion for Reconsideration on Motion for Terminating Sanctions." Respondents moved to dismiss Chong's appeal on various grounds, including that it was untimely. We issued an order stating we would consider Respondent's motion to dismiss and Chong's opposition thereto with the appeal.

DISCUSSION

Preliminarily, we note that although Chong's notice of appeal indicates he is appealing from a judgment after an order granting a motion for summary judgment, no summary judgment was filed in this case. Accordingly, we disregard that portion of Chong's notice of appeal.

On the remaining portion of the notice of appeal, Chong indicates he is appealing from an "Order Denying Motion for Reconsideration on Motion for Terminating Sanctions." "An order denying a motion for reconsideration . . . is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (Code Civ. Proc., § 1008, subd. (g).) Accordingly, we construe Chong's notice of appeal as being from the trial court's order dismissing his complaint.

California Rules of Court, rule 8.104(a)(1) provides that an appeal must be filed before the earliest of "(A) 60 days after the superior court clerk serves on the party filing

3

the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." (All rule references are to the California Rules of Court.)

Here, the trial court served its order granting motion for terminating sanctions on the parties on October 3, 2013. On October 9, 2013, Respondents served a notice of ruling on their motion for terminating sanctions. The trial court's order stated Chong's complaint was stricken. Thus, the order constituted a judgment of dismissal under Code of Civil Procedure section 581d, which provides that "[a]ll dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes."

The trial court's service of its order on October 3, 2013, triggered Chong's sixty-day deadline to file his notice of appeal under California Rules of Court, rule 8.104(a). Thus, Chong's notice of appeal in this case was due in December 2013. He did not file a notice of appeal until April 1, 2014. Accordingly, the appeal was untimely.

Even if we give Chong the benefit of the extension of time allowed by rule 8.108(c) based on his request for relief under Code of Civil Procedure section 473, subdivision (b), his appeal is still untimely. Rule 8.108(c) provides the following: "If within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move—or a valid motion—to vacate the judgment,

4

the time to appeal from the judgment is extended for all parties until the *earliest* of: [¶] (1) 30 days after the superior court clerk, or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move— or motion—is filed; or [¶] (3) 180 days after the entry of judgment." (Rule 8.108(c), italics added.)

Chong filed his second application to set aside the order granting Respondents' motion for terminating sanctions on October 21, 2013. The record is not clear as to when the clerk of the superior court or Respondents served Chong with the order denying that motion or notice of entry of the order. This date, however, is immaterial to our discussion because pursuant to rule 8.108(c), we look to the earliest of the three alternative deadlines. Thus, if Chong's appeal was untimely under any of the alternatives, we must dismiss the appeal.

In this case, even if we ignore Chong's first application to set aside the order granting terminating sanctions, he had 90 days after he filed his second motion to set aside to initiate his appeal. Given that Chong filed his second motion on October 21, 2013, he was required to file his notice of appeal within 90 days of that date, which was January 19, 2014. Chong did not file his notice of appeal until April 1, 2014. Thus, it is untimely under rule 8.108(c). "[N]o court may extend the time to file a notice of appeal. If a notice of appeal is filed late, the reviewing court must dismiss the appeal." (Cal. Rules of Ct., rule 8.104(b).) Accordingly, the appeal is untimely under any circumstance and must be dismissed.

5

## DISPOSITION

Respondents' motion to dismiss the appeal is granted.  The appeal is hereby dismissed as untimely.  Respondents are entitled to costs on appeal.


McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.